UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TYRONE HURT,                                                                                                              Plaintiff,

v.                                               Civil Action No. 3:16-cv-751-DJH

ALL FEDERAL CIRCUITS *et al*.,                                                       Defendants.

\* \* \* \* \*

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Tyrone Hurt filed the instant *pro se* action proceeding *in forma pauperis*. This matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Upon initial screening of the complaint, the instant action will be dismissed for the reasons that follow.

### I.

Plaintiff filed the complaint on his own paper. Plaintiff lists his address as located in Washington, D.C. He names the following Defendants in this action: (1) All Federal Circuits; (2) The American People; and (3) the United States of America. Plaintiff appears to be bringing this action under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The complaint is mostly illegible and incoherent. However, Plaintiff appears to complain about the Sixth Circuit's failure or refusal to implement something. Plaintiff refers to "Article III, Section I, of the U.S. Constitution within the Gene Snyder, United States Courthouse, 601 West Broadway, Suite 450, Louisville, Ky." Plaintiff then refers to *in forma pauperis* status and "moves the Honorable, Vol, Dist. For the Sixth (6th) Cir, for . . . to

proceed in forma pauperis . . . ." Plaintiff continues stating that he is unable to "pre-pay the . . . for the foregoing complaint . . . ." Plaintiff then refers to the "U.S.Constitution"; "Title 28 U.S.C. § 1915, . . . Article III, Section 1 to the U.S. Constitution"; "Blacks Law Dictionary"; and "The American College Dictionary." In the complaint, Plaintiff includes a section requesting relief. Therein he refers to the Sixth Circuit, "en Banc," and requests a trillion dollars in "punitive and monetary Damages."

## II.

"[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantiated, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (listing numerous Supreme Court cases for the proposition that patently frivolous, attenuated, or unsubstantial claims divest the district court of jurisdiction)). A complaint is frivolous if it lacks an arguable or rational basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). The instant complaint meets this standard.

In addition, Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

2

Fed. R. Civ. P. 8(a). "[A] . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." S*cheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 557). Conclusory allegations or bare legal conclusions will not suffice as factual allegations. *Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009) ("Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice."); *Gregory v. Shelby Cty., Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000) ("[W]e need not accept as true legal conclusions or unwarranted factual inferences.").

In the instant case, Plaintiff fails to provide material facts in support of any viable legal theory. The complaint does not contain sufficient factual matter that, if accepted as true, states "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570). Plaintiff fails to place Defendants on notice as to any claim(s) against them, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of a claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544), and the complaint is simply too vague and sparse to state a cause of action under any legal

theory.  The complaint fails to meet the basic pleading standard required by Fed. R. Civ. P. 8(a)(2).

In addition, a review of the federal judiciary's online database, Public Access to Court Electronic Records ("PACER"), shows that Plaintiff has filed hundreds of cases in federal courts across the country.  *See Hurt v. Encinia*, No. H-15-2602, 2015 U.S. Dist. LEXIS 147815, at *6 (S.D. Tex. Oct. 30, 2015) ("A national litigation index reveals that since 1985, Hurt has filed at least 468 civil actions in federal courts across the country.").  Plaintiff has been deemed an abusive and vexatious litigant by numerous other courts.  *See, e.g.*, *Hurt v. Soc. Sec. Admin.*, 544 F.3d 308, 310 (D.C. Cir. 2008) ("[W]e think 'the number, content, frequency, and disposition' of his filings shows an especially abusive pattern . . . . Hurt has brought numerous meritless appeals--suits targeting institutions, people and inanimate objects--while asking for sums of money dwarfing the size of the Federal Government's annual budget."); *Hurt v. Ferguson, Missouri, Cleveland, Ohio, Baltimore, Maryland, All Law Enforcement Officials Within This Nation Et Al, Forty-Seven States To The United States Of America*, No. 1:15-cv-01054-WTL-TAB, 2015 U.S. Dist. LEXIS 89669, at *4 (S.D. Ind. July 10, 2015) ("Mr. Hurt's abusive patterns must come to an end.  Mr. Hurt's cases represent countless hours of judicial time that could be spent on cases which state viable claims."); *Hurt v. Lanier*, No. 1:14-cv-484-GZS, 2014 U.S. Dist. LEXIS 163201, at *4 (D. Me. Nov. 19, 2014) ("Taking judicial notice of the other actions Plaintiff has recently filed with this Court as well as his filing history in other districts, there is ample evidence that Hurt is an abusive and vexatious litigant.").

Finally, Plaintiff "has been repeatedly warned (to no effect) and ultimately banned from filing complaints and/or appeals in forma pauperis by numerous other districts and appellate courts."  *Hurt v. Sterling*, No. 1:14-CV-436, 2014 WL 2257176, at *3 (S.D. Ohio May 29, 2014),

*report and recommendation adopted*, No. 1:14CV436, 2014 WL 3573637 (S.D. Ohio July 21, 2014). In addition, because of the vexatious and frivolous lawsuits Plaintiff has filed in the Western District of Kentucky, he recently has been prohibited from proceeding *in forma pauperis* in any future actions filed in this Court. *Hurt v. Civil Rights Lawyer*, No. 3:17-cv-39-DJH (Document Number 9, Memorandum Opinion and Order dated March 21, 2017).

### III.

For the foregoing reasons, the Court concludes that the allegations of Plaintiff's complaint are totally implausible, attenuated, unsubstantiated, frivolous, devoid of merit, and no longer open to discussion. Therefore, the claims against Defendants will be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3) and *Apple v. Glenn*, 183 F.3d at 479. Further, the complaint fails to meet the basic pleading standard required by Fed. R. Civ. P. 8(a)(2). Therefore, the claims will also be dismissed pursuant to Fed. R. Civ. P. 8(a)(2). A separate Order dismissing the action will be entered consistent with this Memorandum Opinion.

Date: April 27, 2017

**David J. Hale, Judge
United States District Court**

cc: Plaintiff, *pro se*
4415.003